NO. 07-06-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2007

_____

ERSKINE L.T. ALLEN, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 22,580; HON. CECIL PURYEAR, PRESIDING

_____

*Abatement*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the motion of Erskine L.T. Allen, Jr. requesting that the cause be abated to determine whether a final judgment has been entered. The record contains no document entitled order or judgment disposing of Allen's petition for DNA testing. Instead, it appears that he appealed due to a notation of the trial judge on correspondence from appellant. The notation reads: "file *no action by Court*. Def previously filed DNA request. There is no merit to the request. There is no DNA to be tested. 4/19/06 /s/ C. Puryear." (Emphasis added). Like counsel, we too are unable to

discern if the notation evinces an intent to render a final, appealable order denying Allen relief or whether it is simply an indication that the trial court did and will not act on the DNA request.

Consequently, we abate the appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for further proceedings. *See Dion's of Tex. v. Shamrock Econ. Dev. Corp.,* No. 07-04-0050-CV, 2004 Tex. App. LEXIS 7408 (Tex. App.–Amarillo, February 25, 2005, no pet.) (holding that a court of appeals may abate an appeal to permit clarification by the trial court of whether its order is final) (not designated for publication). Upon remand, the trial court shall determine whether a final order has been entered in the cause and, if so, identify that order finally disposing of Allen's request for DNA testing. The trial court shall also cause to be developed a supplemental clerk's record containing findings of fact and conclusions of law addressing the issues mentioned and, if a final order has been entered, a copy of that order. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before February 23, 2007. Should additional time be needed to perform these tasks, the trial court may request same on or before February 23, 2007.

It is so ordered.

Per Curiam

Do not publish.

2